NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3459
_____

JAMES A. BURKE, JR.,
                                        Appellant

v.

JOHN KRESTES; THE DISTRICT ATTORNEY OF THE COUNTY OF BERKS; THE
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 08-cv-04286)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
October 4, 2011

BEFORE:  McKEE, *Chief Judge*, FUENTES, COWEN, *Circuit Judges*

(Opinion Filed: October 14, 2011)
_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*.

        Appellant James A. Burke, Jr. appeals the District Court's adoption of a magistrate

judge's Report and Recommendation, dismissing Burke's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  We affirm.

1

## I.

Because we write for the parties, we discuss only the facts relevant to our conclusion. Burke pled guilty to second-degree murder in the Commonwealth of Pennsylvania Court of Common Pleas. Prior to his plea allocution before the court, Burke signed a "defendant's statement accompanying request to enter a guilty plea," where Burke acknowledged understanding the various constitutional rights he was waiving. Burke handwrote answers to each question, signed the bottom of every page, and affirmed that he read and understood the entire document. His counsel and an assistant district attorney also certified the document. Specifically, Burke signed that he understood his rights to a presumption of innocence, a trial by a jury, and to confront his accusers and that by entering a plea of guilty, he was waiving those rights. He also certified that he understood that he was pleading guilty to second degree murder and that the maximum penalty that could be imposed on him was life imprisonment.

During his plea allocution, the judge did not advise Burke of the constitutional rights he was foregoing by entering a plea of guilty. However, the judge did ask Burke if he understood the purpose of the plea and its significance. Burke responded that he did. He also stated that he reviewed the plea statement and was satisfied with the representation of his counsel. At his co-defendant's trial, Burke testified that he expected to receive a life sentence.

During his sentencing, Burke made an oral motion to withdraw his guilty plea, which the sentencing judge denied. Thereafter, he was sentenced to life imprisonment.

After his sentencing, Burke filed a motion to withdraw his guilty plea, which was never ruled upon.

Burke filed three petitions for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541 *et seq.* (2011), each time challenging his plea and the effectiveness of his prior counsel. All the petitions were denied.

In his federal habeas petition, he raised over thirty grounds for relief. In a 116-page opinion, the District Court adopted the recommendations of the magistrate judge and dismissed the petition on the merits, but issued a certificate of appealability on four claims. Specifically, the district court certified the following issues for appeal: whether (1) the trial court erred by conducting an inadequate colloquy to determine whether Burke's plea was entered knowingly and voluntarily; (2) the state appeals court erred by finding that the plea was entered knowingly and voluntarily; (3) his counsel was ineffective for failing to ensure that the trial court conducted an adequate plea colloquy; and (4) whether his counsel was ineffective for failing to ensure that his post-trial motion to withdraw his guilty plea was disposed of timely.

## II.

After carefully reviewing the record and the submissions of the parties, we find no basis for disturbing the District Court's thorough and persuasive opinion and judgment.[1]

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2254 and we have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. When a district court does not hold an evidentiary hearing, we exercise plenary review over a district court's habeas decision. *Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("ADEPA"), we afford the state courts' legal and factual determinations considerable deference. *Palmer v. Hendricks,* 592 F.3d 386, 391-392 (3d Cir. 2010). However, "if a properly preserved claim was not addressed by the state court on the merits, the deferential standards of AEDPA do not apply." *Id.* at 392. In such instances, a "federal habeas court must conduct a de novo review over pure legal questions and mixed questions of law and fact." *Id. (*quoting *Appel v. Horn*, 250 F.3d 203, 2010 (3d Cir.

"Under *Boykin*, it is crucial that the record reveal not only that a defendant was aware of his rights, but also that he intelligently and understandingly waived them." *Taylor v. Horn*, 504 F.3d 416, 440 (3d Cir. 2007) (internal quotation marks omitted). Here, the plea colloquy coupled with Burke's signed statement, his testimony at his co-defendant's trial, and evidence that Burke discussed the consequences of his plea with his counsel was sufficient to establish that Burke pled guilty aware of the rights he was waiving and of the possible penalties he faced. Thus, his guilty plea was entered knowingly and voluntarily and is not deficient. Similarly, as his plea was not deficient, his counsel did not fall below an objective standard of reasonableness and Burke was not prejudiced under *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The District Court properly dismissed the ineffective assistance of counsel claims that relate to his plea.

Burke's last claim—that his counsel was ineffective for failing to take steps to ensure that Burke's post-trial motion was addressed—implicates his speedy trial and due process rights. In deciding this claim, we examine the four *Barker* factors: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his rights, and (4) prejudice to the defendant. *See United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009); *Heiser v. Ryan*, 15 F.3d 299, 303-5 (3d Cir. 1994) (applying the same four factors for post-sentencing delays). The District Court correctly held that despite the first three factors weighing in Burke's favor, he is unable to demonstrate prejudice because, as in *Heiser*, the delay did not impair Burke's ability to prove his habeas claims and he did not suffer any "unusual

2001)). Given that only the lower PCRA courts addressed whether Burke's plea was adequate, the District Court conducted a de novo review of Burke's plea related claims. While we do not necessarily adopt this conclusion, we note that since Burke's claim fails a de novo review, it would also fail a more deferential ADEPA review.

or specific" anxiety relating to the delay.  *See Heiser*, 15 F.3d at 303-4, 305.  We affirm the District Court's holding that Burke was not prejudiced by the delay and that his counsel was not constitutionally ineffective.

## III.

The District Court is affirmed.